# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

       Plaintiff,

v.

AMERICAN MOTORCYCLE ASSOCIATION, INC.
and TWISTED MX, LLC,

       Defendants.

Case No.

Hon.

---

DAVID S. SHIENER (P78608)
GORDON REES SCULLY MANSUKHANI
Attorneys for Plaintiff New York Marine
and General Insurance Company
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48304
(313) 426-9815
dshiener@grsm.com

---

## NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

---

NOW COMES Plaintiff NEW YORK MARINE AND GENERAL INSURANCE COMPANY, by and through its attorneys GORDON REES SCULLY MANSUKHANI, and for its Complaint for Declaratory Judgement, states as follows:

**NATURE OF THE ACTION**

1.      This is an action pursuant to 28 U.S.C. §2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Defendants AMERICAN MOTORCYCLE ASSOCIATION, INC. (hereinafter "AMA") and TWISTED MX, LLC (hereinafter "Twisted MX") under insurance policies issued by Plaintiff NEW YORK MARINE AND GENERAL INSURANCE COMPANY (hereinafter "New York Marine").

2.      This action stems from claims for liability asserted against AMA and Twisted MX by Christopher Baker (hereinafter "Baker"), as Personal Representative of the Estate of Christopher James Baker, in a lawsuit captioned *Christopher Baker, as Personal Representative of the Estate of Christopher James Baker v Michigan Motocross Timing, Inc. et al.*, Wayne County Circuit Court Case No. 25-011660-CZ (the "Underlying Lawsuit"), for which AMA and Twisted MX seek coverage for liability for such claims.

3.      The Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 1**.

4.      New York Marine requests that this Honorable Court declare the rights and duties of the parties with respect to the Underlying Lawsuit under the insurance policies and applicable law as more fully set forth below.

2

## THE PARTIES

5. New York Marine is a corporation with its principal place of business in New York, and conducts business in Michigan.

6. AMA is a non-profit organization with its principal place of business in Ohio, and conducts business in Michigan.

7. Twisted MX is or was a Michigan limited liability company with its registered office and principal place of business in Michigan, and did or does conduct business in Michigan.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

9. A case of actual and immediate controversy exists between and among the parties regarding the scope and availability of insurance coverage, if any, under the insurance policies discussed below and applicable law, including New York Marine's obligations, if any, with respect to the Underlying Lawsuit.

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Underlying Lawsuit is currently pending in Wayne County Circuit Court, which is within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(3) because Defendants AMA and Twisted MX conduct business in this judicial district.

## THE INSURANCE POLICIES

### The Promoter Policy

12. New York Marine issued Insurance Policy No. PK202400026671 (hereinafter the "Promoter Policy") with insurance coverage for a policy period of January 30, 2024 to January 30, 2025.

13. The Promoter Policy is attached hereto as **Exhibit 2** and is incorporated herein by reference as a written instrument exhibit pursuant to Federal Rule of Civil Procedure 10(c).

14. The named insured for the Commercial General Liability insurance coverage under the Promoter Policy is "American Motorcycle Association, Inc."

15. The Common Policy Declarations applicable to the Promoter Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of January 30, 2024, which includes the following:

American Motorcycle Association, Inc. dba American Motorcyclists Association
Paradama Productions, Inc.
American Motorcycle Heritage Foundation, Inc.
AMA District Organizations, Clubs and Promoters

16.     The Promoter Policy provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit' that may result.

[…]

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage' occurs during the policy period[.]

17.     The Commercial General Liability Coverage Form applicable to the

Promoter Policy provides, in relevant part, as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

18.     The Commercial General Liability Coverage Form in Section II – Who is An Insured, provides the designations of "who is an insured" for the Commercial General Liability insurance coverage under the Promoter Policy.

19.     The Common Policy Declarations applicable to the Promoter Policy identifies the "Named Insured" as follows:

> **NAMED INSURED:**     American Motorcycle Association, Inc.
> As Per Named Insured Extension Schedule

20.     The Common Policy Declarations applicable to the Promoter Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of January 30, 2024, which includes the following:

> American Motorcycle Association, Inc. dba American Motorcyclists Association
> Paradama Productions, Inc.
> American Motorcycle Heritage Foundation, Inc.
> AMA District Organizations, Clubs and Promoters

21.     The Promoter Policy contains a LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION endorsement, form CG 21 44 04 17, which schedules "**Project or Operation**" as follows:

> Only your AMA sanctioned events and activities, and your banquets, club meetings and trade booth exhibits that are reported and billed under this policy are considered to be your covered events and activities. Monthly reports of your covered events and activities are on file with us. All events are to be reported and premium paid per GL0461 – Event Reporting and Earned Premium.

6

22.     The LIMITATION OF COVERAGE TO DESIGNATED PREMISES,

PROJECT OR OPERATION endorsement further provides as follows:

**A.** If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01,** the provisions under this Paragraph **A.** apply:

**1.** Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**a.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises out of the project or operation shown in the Schedule;

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

7

23. There is an EXCLUSION – ALL HAZARDS IN CONNECTION WITH DESIGNATED EVENTS OR PREMISES endorsement to the Promoter Policy, which provides, in relevant part, as follows:

**SCHEDULE**

Location And Description Of Excluded Events or Premises: Exclusion for all AMA sanctioned events, activities, and operations since those are insured under the AMA policy.

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the events or premises shown in the Schedule of this endorsement unless the events or premises are separately and specifically endorsed to this coverage part.

24. There is an EXCLUSION – DESIGNATED ACTIVITIES endorsement to the Promoter Policy, which provides, in relevant part, as follows:

**SCHEDULE**

**Description Of Designated Activities:**

All American Motorcycle Association (AMA) Operations, Events and/or Activities except except (sic) those scheduled to this policy and reported to the company.

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

8

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the activities described in the Schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others.

25.    There is an EXCLUSION – DESIGNATED ACTIVITIES endorsement to the Promoter Policy, which provides, in relevant part, as follows:

**SCHEDULE**

**Description Of Designated Activities:**

All events, activities and operations except those AMA Sanctioned events scheduled to this policy and reported to the company.

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the activities described in the Schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others.

26.    The Commercial General Liability Coverage Form applicable to the Promoter Policy provides, in relevant part, as follows:

**4.  Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.  Primary Insurance**

9

This insurance is primary except when Paragraph **b.**[1] below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

27.    The Promoter Policy contains a LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement, which provides as follows:

**LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following condition is added to **Section IV – Commercial General Liability Conditions**: **Two or More Coverage Forms or Policies Issued By Us**

If this policy and any other policy, policies or coverage form(s) issued to you by us or any of our affiliated companies apply to the same or related damages, the most that will be paid by us and our affiliated companies either individually or collectively for the sum of all those damages is the single largest applicable Each Occurrence Limit or similar per occurrence limit of insurance available under any one of those policies or coverage forms. Same or related damages include the continuation of injury or damages from a prior policy period into a subsequent policy period, or any injury or damage resulting from the same cause or "occurrence."

However, this provision does not apply to umbrella or similar policies or coverage forms that are purchased specifically to apply in excess of another policy or coverage form that is scheduled as underlying insurance.

---

[1] Paragraph b. set forth under **4. Other Insurance** is not applicable.

In no event will coverage be provided during the policy period after (1) the applicable aggregate Limit of Insurance under any one coverage form or policy has been exhausted, or (2) the applicable aggregate Limit of Insurance under any one coverage form or policy would have been exhausted had all covered claims been submitted under that one coverage form or policy rather than under two or more coverage forms or policies.

The terms of this endorsement will govern as respect the application of any limits of insurance. If this policy or coverage form contains any other language regarding limits of insurance that is in conflict with the terms of this endorsement, such other language is subject to the terms of this endorsement.

28. The Commercial General Liability insurance coverage under the Promotor Policy provides an "each occurrence limit" in the amount of $1,000,000.00.

**The Contingent Policy**

29. New York Marine issued Insurance Policy No. PK202400027611 (hereinafter the "Contingent Policy") with insurance coverage for a policy period of June 30, 2024 to June 30, 2025.

30. The Contingent Policy is attached hereto as **Exhibit 3** and is incorporated herein by reference as a written instrument exhibit pursuant to Federal Rule of Civil Procedure 10(c).

31. The named insured for the Commercial General Liability insurance coverage under the Contingent Policy is "American Motorcycle Association, Inc."

32.     The Common Policy Declarations applicable to the Contingent Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of June 30, 2024, which includes the following:

American Motorcycle Association, Inc. dba American Motorcyclists Association
Paradama Productions, Inc.
American Motorcycle Heritage Foundation, Inc.

33.     The Contingent Policy does not contain any applicable "Additional Insureds" endorsements or any other terms that provide insurance coverage to additional insureds.

34.     The Contingent Policy provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit' that may result.

[…]

**b.** This insurance applies to "bodily injury" and "property damage" only if:

12

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage' occurs during the policy period[.]

35. The Contingent Policy contains a LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement, which schedules "**Designated Covered Event**" to include "[o]nly those events reported to and on file with the carrier."

36. The LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement further provides as follows:

1. This policy applies only to "injury," "bodily injury," "property damage," or "personal and advertising injury" arising out of event(s) designated in the Schedule above or added by endorsement.
2. As respects to this endorsement, the Limits of Insurance shown in the Declaration will apply separately to each designated event shown in the Schedule above or added by endorsement.
3. Premiums due must be reported on the next periodic Reporting Form.
4. As respects to this endorsement, the '**Other Insurance**' condition in **Section IV – Commercial General Liability Conditions** is deleted and replaced with the following:

   This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis.

   We will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.

   Under this excess insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

13

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

37. The Contingent Policy contains an EXCLUSION – DESIGNATED ACTIVITIES endorsement, which schedules "**Description of Designated Activities**" as follows:

Excludes All American Motorcycle Association, Inc dba: American Motorcyclists Association; Paradama Productions, Inc.; American Motorcycle Heritage Foundation, Inc Operations, Events and/or Activities except those Sanctioned events

Excludes All events and activities of the insured except those scheduled under form GL0044 – Limitation of Coverage to Designated Events

38. The EXCLUSION – DESIGNATED ACTIVITIES endorsement under the Contingent Policy further provides as follows:

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the activities described in the Schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such activities are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described activities conducted at that "location".

14

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

39.     The Commercial General Liability insurance coverage under the Contingent Policy provides an "each occurrence limit" in the amount of $1,000,000.00.

## The Excess Policy

40.     New York Marine issued Insurance Policy No. EX202400003620 (hereinafter the "Excess Policy") with insurance coverage for a policy period of June 30, 2024 to June 30, 2025.

41.     The Excess Policy is attached hereto as **Exhibit 4** and is incorporated herein by reference as a written instrument exhibit pursuant to Federal Rule of Civil Procedure 10(c).

42.     The named insured for the Commercial Excess Liability insurance coverage under the Excess Policy is "American Motorcycle Association, Inc."

43.     The Common Policy Declarations applicable to the Excess Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of June 30, 2024, which includes the following:

American Motorcycle Association, Inc. dba American Motorcyclists Association
Paradama Productions, Inc.
American Motorcycle Heritage Foundation, Inc.

44.     The Excess Policy does not contain any applicable "Additional Insureds" endorsements or any other terms that provide insurance coverage to additional insureds.

45.     The Commercial Excess Liability Declarations applicable to the Excess Policy provides a "**Schedule of Controlling Underlying Insurance**" as follows:

**Company:**        New York Marine and General Insurance Company
**Policy Number**:  PK202400027611 (CONTINGENT LIABILITY)
**Policy Period:**   06-30-2024 to 06-30-2025 and renewals thereof

46.     The Commercial Excess Liability Coverage Form applicable to the Excess Policy provides with regard to the insurance coverage provided thereunder, in relevant part, as follows:

## I.     SECTION I. COVERAGE

### A. EXCESS LIABILITY – INSURING AGREEMENT

1.  This insurance applies only to injury or damage covered by "underlying insurance."
    The definitions, terms, conditions, limitations, exclusions and warranties of the "underlying insurance" in effect at the inception of this policy apply to this coverage unless they:

    a.  Conflict with the provisions of this insurance; or

    b.  Relate to any of the following: premium; our right to recover payment; "other insurance"; any duty to investigate or defend; the amount or limits of insurance; the payment of expenses; cancellation; or any renewal agreement.

2.  We will pay on behalf of any insured those sums in excess of "underlying insurance" or "other insurance" that any insured

16

becomes legally obligated to pay as damages to which this insurance applies. If "underlying insurance" does not pay any claim or "suit" for any reason other than exhaustion of their limits of insurance, we will not pay such claim or "suit."

47.     The Commercial Excess Liability insurance coverage under the Excess Policy provides an "each occurrence limit" in the amount of $4,000,000.00.

## THE UNDERLYING LAWSUIT

48.     Baker initiated the Underlying Lawsuit by the filing of a Complaint in the Washtenaw County Circuit Court on or around January 14, 2025. (**Exhibit 1**, Complaint – Underlying Lawsuit).

49.     The Underlying Lawsuit since the time when it was initiated in Washtenaw County Circuit Court has been transferred to Wayne County Circuit Court, the Court in which the Underlying Lawsuit remains pending.

50.     Named as defendants in the Underlying Lawsuit are Michigan Motocross Timing, Inc. ("Michigan Motocross"), AMA, and Twisted MX.

51.      Baker has alleged in the Underling Lawsuit that Christopher James Baker (hereinafter "CJB"), who was 13-years-old, on or around July 27, 2024, was participating in a motor bike race event in Milan, Michigan.

52.     Baker has alleged in the Underling Lawsuit that the motor bike race event was held at a property owned by Twisted MX in Milan, Michigan.

17

53.     Baker has alleged in the Underling Lawsuit that during the motor bike race event, CJB "became dislodged from his bike in a spot that was blind to the other race participants as they came to that portion of the track."

54.     Baker has alleged in the Underling Lawsuit that "after a reasonable amount of time following [CJB] being dislodged from his bike, several other race participants either ran over or landed on [CJB]."

55.     Baker has alleged in the Underling Lawsuit that "as a result of being either ran over or landed on by the other race participants, [CJB] sustained several severe blunt force injuries and passed away."

56.     Baker has alleged in the Underling Lawsuit that Twisted MX owned the property at which the motor bike race event occurred, that the motor bike race event "was promoted by" Michigan Motocross, and that AMA "sanctioned the motor bike race event[.]"

57.     Baker has alleged in the Underling Lawsuit the following claims:

Count I      Negligence (as to all named defendants)
Count II     Premises Liability (as to all named defendants)
Count III    Gross Negligence (as to all named defendants)
Count IV     Vicarious Liability (as to all named defendants)
Count V      Agency Liability (as to AMA)

58.     AMA and Twisted MX have sought defense and indemnity from New York Marine under the Promoter, Contingent, and Excess Policies for liability for claims asserted by Baker in the Underlying Lawsuit.

18

## COUNT I – DECLARATION OF NO COVERAGE UNDER THE CONTINGENT AND EXCESS POLICIES FOR TWISTED MX

59. New York Marine repeats and incorporates by reference each and every preceding as if fully set forth herein.

60. The Commercial General Liability Coverage Form applicable to the Contingent Policy provides, in relevant part, as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

61. The named insured for the Commercial General Liability insurance coverage under the Contingent Policy is "American Motorcycle Association, Inc."

62. The Commercial General Liability Coverage Form in Section II – Who is An Insured, provides the designations of "who is an insured" for the Commercial General Liability insurance coverage under the Contingent Policy.

63. Twisted MX does not qualify as an "insured" under the Commercial General Liability Coverage Form in Section II – Who is An Insured under the Contingent Policy.

64. The Common Policy Declarations applicable to the Contingent Policy identifies the "Named Insured" as follows:

**NAMED INSURED:** American Motorcycle Association, Inc.

19

As Per Named Insured Extension Schedule

65.     The Common Policy Declarations applicable to the Contingent Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of June 30, 2024, which includes the following:

American Motorcycle Association, Inc. dba American Motorcyclists Association
Paradama Productions, Inc.
American Motorcycle Heritage Foundation, Inc.

66.     The Contingent Policy does not contain any applicable "Additional Insureds" endorsements or any other terms that provide insurance coverage to additional insureds.

67.     The Contingent Policy provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit' that may result.

[…]

20

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage' occurs during the policy period[.]

68. The Commercial Excess Liability Coverage Form applicable to the Excess Policy provides as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

69. The named insured for the Commercial Excess Liability insurance coverage under the Excess Policy is "American Motorcycle Association, Inc."

70. The Common Policy Declarations applicable to the Excess Policy identifies the "Named Insured" as follows:

**NAMED INSURED:**     American Motorcycle Association, Inc.
                        As Per Named Insured Extension Schedule

71. The Common Policy Declarations applicable to the Excess Policy contain a NAMED INSURED EXTENSION SCHEDULE with an effective date of June 30, 2024, which includes the following:

American Motorcycle Association, Inc. dba American Motorcyclists Association
Paradama Productions, Inc.

21

American Motorcycle Heritage Foundation, Inc.

72. The Excess Policy does not contain any applicable "Additional Insureds" endorsements or any other terms that provide insurance coverage to additional insureds.

73. The Commercial Excess Liability Coverage Form applicable to the Excess Policy provides with regard to the insurance coverage provided thereunder, in relevant part, as follows:

**II. SECTION I. COVERAGE**

**A. EXCESS LIABILITY – INSURING AGREEMENT**

1. This insurance applies only to injury or damage covered by "underlying insurance."
   The definitions, terms, conditions, limitations, exclusions and warranties of the "underlying insurance" in effect at the inception of this policy apply to this coverage unless they:

   a. Conflict with the provisions of this insurance; or

   b. Relate to any of the following: premium; our right to recover payment; "other insurance"; any duty to investigate or defend; the amount or limits of insurance; the payment of expenses; cancellation; or any renewal agreement.

2. We will pay on behalf of any insured those sums in excess of "underlying insurance" or "other insurance" that any insured becomes legally obligated to pay as damages to which this insurance applies. If "underlying insurance" does not pay any claim or "suit" for any reason other than exhaustion of their limits of insurance, we will not pay such claim or "suit."

74. Twisted MX is neither designated as a "named insured" under the Contingent Policy nor are there any provisions or endorsements that provide Twisted MX entitlement to insurance coverage as an "additional insured" under the Contingent Policy.

75. New York Marine is therefore entitled to a declaration that it has no duty under the Contingent Policy of indemnity to Twisted MX or Michigan Motocross in the Underlying Lawsuit.

76. Twisted MX is neither designated as a "named insured" under the Excess Policy nor are there any provisions or endorsements that provide Twisted MX entitlement to insurance coverage as an "additional insured" under the Excess Policy.

77. New York Marine is therefore entitled to a declaration that it has no duty under the Excess Policy of indemnity to Twisted MX in the Underlying Lawsuit.

## COUNT II - DECLARATION OF NO OBLIGATION OF PAYMENT UNDER THE CONTINGENT POLICY TO AMA

78. New York Marine repeats and incorporates by reference each and every preceding as if fully set forth herein.

79. The Commercial General Liability Coverage Form applicable to the Promoter Policy provides, in relevant part, as follows:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

a.  **Primary Insurance**

This insurance is primary except when Paragraph **b.**[2] below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

80.  The Promoter Policy contains a LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement, which provides as follows:

**LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following condition is added to **Section IV – Commercial General Liability Conditions**: **Two or More Coverage Forms or Policies Issued By Us**

If this policy and any other policy, policies or coverage form(s) issued to you by us or any of our affiliated companies apply to the same or related damages, the most that will be paid by us and our affiliated companies either individually or collectively for the sum of all those damages is the single largest applicable Each Occurrence Limit or similar per occurrence limit of insurance available under any one of those policies or coverage forms. Same or related damages include the continuation of injury or damages from a prior

---

2 Paragraph b. set forth under **4. Other Insurance** is not applicable.

policy period into a subsequent policy period, or any injury or damage resulting from the same cause or "occurrence."

However, this provision does not apply to umbrella or similar policies or coverage forms that are purchased specifically to apply in excess of another policy or coverage form that is scheduled as underlying insurance.

In no event will coverage be provided during the policy period after (1) the applicable aggregate Limit of Insurance under any one coverage form or policy has been exhausted, or (2) the applicable aggregate Limit of Insurance under any one coverage form or policy would have been exhausted had all covered claims been submitted under that one coverage form or policy rather than under two or more coverage forms or policies.

The terms of this endorsement will govern as respect the application of any limits of insurance. If this policy or coverage form contains any other language regarding limits of insurance that is in conflict with the terms of this endorsement, such other language is subject to the terms of this endorsement.

81.     The Commercial General Liability insurance coverage under the Promotor Policy provides an "each occurrence limit" in the amount of $1,000,000.00.

82.     The Contingent Policy contains a LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement, which schedules "**Designated Covered Event**" to include "[o]nly those events reported to and on file with the carrier."

83.     The LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement to the Contingent Policy further provides as follows:

1. This policy applies only to "injury," "bodily injury," "property damage," or "personal and advertising injury" arising out of event(s) designated in the Schedule above or added by endorsement.

2. As respects to this endorsement, the Limits of Insurance shown in the Declaration will apply separately to each designated event shown in the Schedule above or added by endorsement.

3. Premiums due must be reported on the next periodic Reporting Form.

4. As respects to this endorsement, the '**Other Insurance**' condition in **Section IV – Commercial General Liability Conditions** is deleted and replaced with the following:

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis.

We will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.

Under this excess insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

84.    The Commercial General Liability insurance coverage under the Contingent Policy provides an "each occurrence limit" in the amount of $1,000,000.00.

85.    By the terms of the LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement to the Contingent Policy, the insurance

26

coverage under the Contingent Policy is "over any other insurance, whether primary, excess, contingent or on any other basis."

86.    Such other insurance would include the insurance coverage to AMA under the Promoter Policy.

87.    The Promoter Policy and the Contingent Policy satisfy the condition set forth in the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy, as both are insurance policies issued to "you" (AMA) by New York Marine that "apply to the same or related damages[.]"

88.    By the terms of the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy, the most that will be paid "is the single largest applicable Each Occurrence Limit or similar per occurrence limit of insurance available under any one of those policies or coverage forms."

89.    Because both the Promoter Policy and the Contingent Policy both provide for "Each Occurrence Limit(s) or similar per occurrence limit(s) of insurance" in the amount of $1,000,000.00, the most that will be paid is $1,000,000.00 under the Promoter Policy, notwithstanding that the Contingent Policy is "excess over any other insurance" by the terms of the LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement in the Contingent Policy.

90. The Contingent Policy, which is made excess to the Promoter Policy by the terms of the LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement in the Contingent Policy, was not "purchased specifically to apply in excess of another policy or coverage form *that is scheduled as underlying insurance*." (emphasis added).

91. The Contingent Policy does not designate or schedule the Promoter Policy as "underlying insurance" so as to provide any additional insurance coverage that will be paid beyond the "Each Occurrence Limit or similar per occurrence limit" under the Promoter Policy.

92. Although the Contingent Policy, by the terms of the LIMITATION OF COVERAGE TO DESIGNATED EVENTS endorsement in the Contingent Policy, is "excess over any other insurance, whether primary, excess, contingent or on any other basis[,]" including that under the Promoter Policy, there is no obligation to make payment under the Contingent Policy because the most that will be paid is the amount provided under the Promoter Policy "each occurrence limit" in the amount of $1,000,000.00.

93. The Promoter Policy also contains an EXCLUSION – DESIGNATED ACTIVITIES endorsement that provides, in relevant part, as follows:

**SCHEDULE**

**Description Of Designated Activities:**

28

All events, activities and operations except those AMA Sanctioned events scheduled to this policy and reported to the company.

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the activities described in the Schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others.

94.     The Promoter Policy contains a separate EXCLUSION – DESIGNATED ACTIVITIES endorsement that provides, in relevant part, as follows:

**SCHEDULE**

**Description Of Designated Activities:**

All American Motorcycle Association (AMA) Operations, Events and/or Activities except except (sic) those scheduled to this policy and reported to the company.

The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the activities described in the Schedule of this endorsement, regardless of whether such activities are conducted by you or on your behalf or whether the activities are conducted for you or for others.

29

95. By the terms of the two EXCLUSION – DESIGNATED ACTIVITIES endorsements under the Promoter Policy, the insurance coverage provided thereunder does not apply to "'bodily injury'… arising out of the activities described in the Schedule of this endorsement[,]" however, the "activities described in the Schedule" of the two EXCLUSION – DESIGNATED ACTIVITIES endorsements under the Promoter Policy are scheduled to include "[a]ll events, activities and operations" and "[a]ll American Motorcycle Association (AMA) Operations, Events and/or Activities" generally, to which the exclusion applies, *except* events "scheduled to *this* policy and reported to the company." (emphasis added).

96. The "event" that took place in Milan, Michigan on July 27, 2024, that is the subject of the Underlying Lawsuit was specifically reported to "the company" and specifically scheduled to the Promoter Policy, and thus insurance coverage for "bodily injury" arising out of that "event" is solely provided under the Promoter Policy.[3]

97. By operation of the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE in the Promoter Policy and as discussed above, there is no insurance coverage payable under the Contingent Policy.

---

[3] The Monthly Report for July of 2024 is attached hereto as **Exhibit 5** and demonstrates that the "event" that took place in Milan, Michigan on July 27, 2024 was specifically reported under and scheduled to the Promoter Policy.

98. New York Marine is therefore entitled to a declaration that it has no obligation of payment under the Contingent Policy as to AMA.

**COUNT III - DECLARATION OF NO OBLIGATION OF PAYMENT UNDER THE EXCESS POLICY TO AMA**

99. New York Marine repeats and incorporates by reference each and every preceding as if fully set forth herein.

100. The Commercial Excess Liability Declarations applicable to the Excess Policy provides a "**Schedule of Controlling Underlying Insurance**" as follows:

**Company:** New York Marine and General Insurance Company
**Policy Number**: PK202400027611 (CONTINGENT LIABILITY)
**Policy Period:** 06-30-2024 to 06-30-2025 and renewals thereof

101. The Commercial Excess Liability Coverage Form applicable to the Excess Policy provides with regard to the insurance coverage provided thereunder, in relevant part, as follows:

I.     **SECTION I. COVERAGE**

**A. EXCESS LIABILITY – INSURING AGREEMENT**

    **1.** This insurance applies only to injury or damage covered by "underlying insurance."
       The definitions, terms, conditions, limitations, exclusions and warranties of the "underlying insurance" in effect at the inception of this policy apply to this coverage unless they:

       **a.** Conflict with the provisions of this insurance; or

       **b.** Relate to any of the following: premium; our right to recover payment; "other insurance"; any duty to investigate or defend; the amount or limits of insurance;

the payment of expenses; cancellation; or any renewal agreement.

**2.** We will pay on behalf of any insured those sums in excess of "underlying insurance" or "other insurance" that any insured becomes legally obligated to pay as damages to which this insurance applies. If "underlying insurance" does not pay any claim or "suit" for any reason other than exhaustion of their limits of insurance, we will not pay such claim or "suit."

102. As set forth above, the Promoter Policy and the Contingent Policy satisfy the condition set forth in the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy, as both are insurance policies issued to "you" (AMA) by New York Marine that "apply to the same or related damages[.]"

103. By the terms of the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy, the most that will be paid "is the single largest applicable Each Occurrence Limit or similar per occurrence limit of insurance available under any one of those policies or coverage forms."

104. Because both the Promoter Policy and the Contingent Policy both provide for "Each Occurrence Limit(s) or similar per occurrence limit(s) of insurance" in the amount of $1,000,000.00, the most that will be paid is $1,000,000.00 under the Promoter Policy, notwithstanding that the Contingent Policy is "excess over any other insurance" by the terms of the LIMITATION OF

COVERAGE TO DESIGNATED EVENTS endorsement in the Contingent Policy and the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy.

105. By the terms of the Commercial Excess Liability Coverage Form applicable to the Excess Policy, "[i]f 'underlying insurance' [the Contingent Policy] does not pay any claim or 'suit' for any reason other than exhaustion of their limits of insurance, we will not pay such claim or 'suit.'"

106. Where a "claim" or "suit" is not payable under the Contingent Policy due to the limitations set forth in the LIMITATION – NO STACKING OF OCCURRENCE LIMITS OF INSURANCE endorsement under the Promoter Policy, the Contingent Policy, which is scheduled as the "underlying insurance" to the Excess Policy, "does not pay" the "claim" or "suit" and thus payment will not be made under the Excess Policy.

107. New York Marine is therefore entitled to a declaration that it has no obligation of payment under the Excess Policy as to AMA.

WHEREFORE, Plaintiff New York Marine and General Insurance Company respectfully requests the following relief:

A. A declaration of the rights and duties of the parties under the Promoter, Contingent, and Excess Policies and at law with respect to the Underlying Lawsuit, determining that:

33

    i.    New York Marine has no duty under the Contingent or the Excess Policy of indemnity to Twisted MX in the Underlying Lawsuit.

    ii.    New York Marine has no obligation of payment under the Contingent Policy as to AMA.

    iii.    New York Marine has no obligation of payment under the Excess Policy as to AMA.

B.  A declaration or an award to Plaintiff New York Marine and General Insurance Company of such other relief as the Court deems just and equitable.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI
Attorneys for Plaintiff New York Marine
and General Insurance Company

By:  /s/ *David S. Shiener*
DAVID S. SHIENER (P78608)
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48304
(313) 426-9815
dshiener@grsm.com

Dated: May 27, 2026

34